Martin *v.* Van Bergen.

MARTIN *v.* VAN BERGEN.

A judgment of non-suit, because the declaration was not filed in time, may be set aside, when it appears by affidavit that the delay in filing the declaration was occasioned by an arrangement between the parties to settle.
The district courts have discretionary power to set aside judgments, upon sufficient cause shown by affidavits.

Martin *v.* Van Bergen.

ERROR, *to Des Moines District Court.*

This was an action of replevin, commenced by Isaac N. Leffler, agent for Peter Van Bergen, against Abner Martin. As the declaration had not been filed within the time required by law, the plaintiff was nonsuited ; and a jury of inquest was awarded, who found for the defendant, and assessed the damages at one hundred dollars. The cause then came up, on motion of Van Bergen, to set aside the verdict and judgment ; which motion was supported by affidavits, showing that the matter in controversy had been settled by mutual arrangement between the parties. Upon the motion and affidavits, the judgment was vacated, and the assessment of damages set aside.

*Hall* and *Mason*, for the plaintiff in error.

*M. D. Browning*, for the defendant.

*Opinion by* HASTINGS, C. J. In this case there was judgment against defendant entered in favor of plaintiff in error. A jury was empanneled to assess the damages, and judgment rendered on the verdict ; after which, at the same term of the court, there were affidavits submitted, showing that the case had been settled, and that the want of a declaration, which was the cause of the default, had been occasioned by an agreement between the parties.

The affidavits show a sufficient excuse in the plaintiff below, in not filing a declaration. The judgment entered was not a final judgment, because it had not been duly entered on record and signed by the judge. The fact of the clerk's entry of a judgment on the verdict does not make it final. The court could alter or amend its judgment at the term at which it was rendered. The statute authorizes the court to set aside a default before final judgment upon affidavits. We think the affidavits were sufficient, and that the court below had a discretionary power over the judgment to set the same aside on

affidavits; otherwise, every judgment entered by the clerk on a verdict, without the order of the court, would become final, and enable a clerk to prevent the court from exercising a sound and salutary discretion in correcting its own records.

The order of the court below is affirmed.